IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JERRY LYNN RECKER,**
Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.;**
**EQUIFAX INFORMATION SERVICES LLC; and**
**TRANSUNION LLC,**
Defendants.

Case No. 3:25cv-1503

Judge _____

## COMPLAINT AND JURY DEMAND

Plaintiff Jerry Lynn Recker ("Plaintiff"), proceeding pro se, brings this civil action against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and TransUnion LLC ("TransUnion") (collectively, "Defendants" or "CRAs") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681 et seq.

2. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in Smyrna, Tennessee, Defendants conduct business in this District, and a substantial part of the events giving rise to the claims occurred here.

### II. PARTIES

3. Plaintiff Jerry Lynn Recker is a natural person residing at 805 Hammersmith Dr, Smyrna, TN 37167-6433.

4. Defendant Experian Information Solutions, Inc. is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

5. Defendant Equifax Information Services LLC is a CRA as defined by 15 U.S.C. § 1681a(f).

6. Defendant TransUnion LLC is a CRA as defined by 15 U.S.C. § 1681a(f).

## III. FACTUAL ALLEGATIONS

7. Plaintiff discovered that his consumer credit files maintained by Defendants contained inaccurate, incomplete, inconsistent, and/or unverifiable information relating to several tradelines/accounts.

8. The disputed items included (as shown on Plaintiff's reports) the following, among others:

   a. First Premier Bank / Premier BKCRD (Account No. 517800672651...): reported balance/past due of approximately $1,049; charged-off reporting;

   b. First Premier Bank / Premier BKCRD (Account No. 517800666890...): separate First Premier tradeline reported with negative status;

   c. Verizon Wireless (Account No. 4255228440...): reported balance approximately $1,823;

   d. Flagship Credit Acceptance (Account No. 6306310650390...): reported balance and delinquency status;

   e. OppLoans/FinWise (Account No. LAI0161...): reported inconsistently and/or as multiple entries.

9. Plaintiff disputed these items in writing with each Defendant on multiple occasions and provided supporting information, including identity verification documents. Plaintiff mailed disputes via certified mail and retained receipts.

**Dispute Timeline (Certified Mail)**

10. July 15, 2025: Plaintiff mailed the first formal dispute to Experian, Equifax, and TransUnion concerning the disputed accounts listed above.

11. August 18, 2025: Plaintiff mailed a second dispute (a "609 dispute") to all three CRAs, again contesting accuracy and completeness and requesting proper verification.

12. October 18, 2025: Plaintiff mailed a Method of Verification ("MOV") request to all three CRAs pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii), including copies of Plaintiff's identification and proof of address.

13. November 25, 2025: Plaintiff mailed a Final Notice of Noncompliance / Notice of Intent to File to all three CRAs due to continued failures to provide lawful verification and correct inaccurate reporting.

14. November 29, 2025: Plaintiff filed CFPB complaints regarding Defendants' dispute handling and ongoing inaccurate/unverified reporting. The CFPB complaints remain pending.

15. Despite the foregoing, Defendants continued to report disputed information, failed to provide adequate MOV disclosures, and issued inconsistent or incomplete responses.

**Experian Conduct**

Equifax mailed Plaintiff correspondence stating that Plaintiff's dispute was already in progress and was therefore deemed frivolous. Despite this assertion, Equifax subsequently issued dispute results on or about December 11, 2025. Those results failed to address four of the five disputed accounts and instead added or modified a First Premier Bank account that was not the account Plaintiff disputed, reflected a different account number, and showed a substantially lower balance. Equifax's actions demonstrate a failure to conduct a reasonable reinvestigation and an improper use of the frivolous-dispute designation.

On December 9, 2025, Experian sent Plaintiff an email at approximately 6:20 a.m. stating that dispute results were available. Minutes later, at approximately 6:27 a.m., Experian requested additional identity verification as part of its fraud prevention process, despite Plaintiff having already provided government-issued identification and proof of address with each prior dispute. At approximately 7:04 a.m. the same day, Experian issued dispute results notwithstanding its stated verification requirement. This contradictory sequence demonstrates that Experian either conducted a reinvestigation without proper verification or issued results without a reasonable investigation.

In addition, during the dispute and reinvestigation process, Experian added or reintroduced a second First Premier Bank tradeline reflecting a balance of approximately $583 that Plaintiff never disputed and that was not part of the disputed accounts. Experian did not notify Plaintiff of the source of this tradeline, did not identify the furnisher, and did not provide any verification or explanation for its inclusion. The addition of an undisputed negative tradeline during an active dispute further demonstrates Experian's failure to maintain reasonable procedures to assure maximum possible accuracy and its failure to conduct a reasonable reinvestigation, in violation of 15 U.S.C. §§ 1681e(b) and 1681i(a).

16. Experian issued dispute communications dated December 9, 2025 that were internally inconsistent: Experian requested additional identity documentation while also issuing dispute results the same day.

17. Experian's results for multiple disputed accounts showed "Pending" status rather than completion, including OppLoans/FinWise (LAI0161…), First Premier (517800666890…), Verizon (4255228440…), and Flagship (6306310650390…).

18. For First Premier (517800672651...), Experian's 'update' reflected changes to reporting dates while leaving disputed substantive information unchanged, without providing MOV procedure details, furnisher contact details, or documentary support.

19. Experian failed to provide Plaintiff the Method of Verification as required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

**Equifax Conduct**

20. Equifax issued a letter dated December 7, 2025 asserting Plaintiff's dispute was 'frivolous' or otherwise refusing to reinvestigate, without providing the specific reasons required under 15 U.S.C. § 1681i(a)(3)(B).

21. Equifax later issued a response dated December 9, 2025 stating that a First Premier account with an approximate $562.00 balance was modified/updated; Equifax did not address the other disputed accounts and did not clearly explain what was changed or why. Plaintiff contends the modified account was not the specific First Premier tradeline that was the focus of her dispute (which reflected a balance exceeding $1,029).

22. Equifax's incomplete/incorrect handling reflects an unreasonable reinvestigation and failure to ensure maximum possible accuracy.

**TransUnion Conduct**

23. TransUnion's response dated December 19, 2025 was the same in substance as the letter TransUnion mailed on November 14, 2025, indicating a rubber-stamped response rather than a meaningful reinvestigation after Plaintiff's MOV request and CFPB complaint.

24. TransUnion failed to provide MOV disclosures identifying the verification procedure used, the furnishers contacted, or any documentation supporting accuracy.

## IV. CLAIMS FOR RELIEF

**COUNT I – 15 U.S.C. § 1681e(b) (Reasonable Procedures / Maximum Possible Accuracy) (Against All Defendants)**

25. Plaintiff realleges paragraphs 1–24 as if fully set forth herein.

26. Defendants reported inaccurate, incomplete, inconsistent, and/or unverifiable information in Plaintiff's consumer files and failed to follow reasonable procedures to assure maximum possible accuracy.

27. Defendants' violations were at least negligent and, upon information and belief based on repeated disputes and continued reporting, willful.

28. Plaintiff suffered harm including credit score damage, loss of credit opportunities, and time and out-of-pocket costs attempting to correct the records.

## COUNT II – 15 U.S.C. § 1681i(a) (Failure to Conduct Reasonable Reinvestigation) (Against All Defendants)

29. Plaintiff realleges paragraphs 1–28.

30. Plaintiff disputed the accuracy and completeness of information in her files with each Defendant, triggering Defendants' duty to conduct a reasonable reinvestigation and correct or delete information found to be inaccurate, incomplete, or unverifiable.

31. Defendants failed to conduct reasonable reinvestigations, issued incomplete 'pending' results, ignored disputed items, and/or failed to correct or delete unverifiable information.

## COUNT III – 15 U.S.C. § 1681i(a)(6)(B)(iii) (Failure to Provide Method of Verification) (Against All Defendants)

32. Plaintiff realleges paragraphs 1–31.

33. Plaintiff requested the Method of Verification for the disputed items. Defendants failed to provide a description of the procedure used to determine the accuracy and completeness of the information, including the name, address, and telephone number of any furnisher contacted, as required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

## COUNT IV – 15 U.S.C. § 1681i(a)(3) (Improper 'Frivolous' Designation) (Against Equifax)

34. Plaintiff realleges paragraphs 1–33.

35. Equifax improperly characterized Plaintiff's dispute as 'frivolous' and/or refused reinvestigation without providing the specific reasons required by 15 U.S.C. § 1681i(a)(3)(B).

## COUNT V – Violation of 15 U.S.C. § 1681i(a)(3) (Improper Use of Frivolous Dispute Designation) (Against Equifax)

36. Defendant Equifax improperly designated Plaintiff's dispute as frivolous while simultaneously issuing dispute results days later. Equifax failed to provide specific reasons supporting a frivolous designation as required by 15 U.S.C. § 1681i(a)(3)(B), and failed to identify any information required from Plaintiff to properly reinvestigate. Equifax's misuse of the frivolous-dispute designation unlawfully blocked Plaintiff's statutory dispute rights and constitutes negligent and willful noncompliance with the Fair Credit Reporting Act.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award:

A. Actual damages to be proven at trial;

B. Statutory damages where available;

C. Punitive damages for willful violations where applicable;

D. Costs of this action and any allowable attorney's fees under 15 U.S.C. §§ 1681n and 1681o;

E. Declaratory and injunctive relief requiring correction and/or deletion of inaccurate or unverifiable information; and

F. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND
Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Jerry Recker*

Jerry Lynn Recker

805 Hammersmith Dr

Smyrna, TN 37167-6433

Email: jerryrecker@yahoo.com

Phone: 901.601.0675

Pro Se Plaintiff