# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JERRY LYNN RECKER,    )
             )
 **Plaintiff,**       )
             )
**v.**            ) **Case No. 3:25-cv-01503**
             ) **Judge Trauger**
**EXPERIAN INFORMATION**  )
**SOLUTIONS, INC., et al.,**   )
             )
 **Defendants.**     )

## MEMORANDUM AND ORDER

Plaintiff Jerry Lynn Recker, a resident of Smyrna, Tennessee, filed a pro se Complaint against Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and TransUnion LLC ("TransUnion"). (Doc. No. 1.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

## I. PAUPER APPLICATION

The plaintiff's IFP application lists monthly income that does not far exceed his reasonable monthly expenses—which include expenses related to recurring injections to treat an eye condition—and a negative balance in his checking account. It therefore appears that the plaintiff cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 144 S. Ct. 1316, 2024 WL 2751216, at *3 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The Complaint invokes the court's federal-question jurisdiction and claims that Experian, Equifax, and TransUnion—all credit reporting agencies (CRAs) as defined in the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*, 1681a(f)—maintained consumer credit files for the plaintiff that "contained inaccurate, incomplete, inconsistent, and/or unverifiable information relating to several tradelines/accounts." (Doc. No. 1 at 1–2.) After the plaintiff disputed these items and requested "a description of the procedure used to determine the accuracy and completeness of the information" under 15 U.S.C. § 1681i(a)(6)(B)(iii), the defendants "continued to report disputed information, failed to provide adequate [descriptions of their verification procedures], and issued inconsistent or incomplete responses." (Doc. No. 1 at 2–3.) The Complaint provides

2

more specific allegations concerning each defendant's December 2025 responses to the matters the plaintiff formally placed in dispute. (*Id.* at 3–4.) It claims that Equifax violated the FCRA by improperly characterizing the plaintiff's dispute as frivolous without providing specific reasons, and without undertaking reinvestigation as the statute requires. (*Id.* at 5.) The Complaint also claims that all defendants either negligently or willfully failed to discharge their statutory duty to report the plaintiff's credit matters accurately; that they failed to conduct reasonable reinvestigations when he filed disputes; and that they failed to provide adequate descriptions of their verification methods (*see id.* at 4–5 (citing 15 U.S.C. §§ 1681e(b), 1681i(a))), resulting in harm to the plaintiff's credit score, "loss of credit opportunities," and costs associated with his efforts to correct his records. (*Id.* at 5.) The plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.* at 6.)

Under 15 U.S.C. § 1681e(b), "CRAs [must] 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.' And if a CRA negligently or willfully violates this mandate, the statute continues, an aggrieved consumer may bring suit. *Id.* § 1681n (allowing private right of action for willful noncompliance), § 1681o (same, for negligent noncompliance)." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020). To state a claim under these provisions, the plaintiff must allege that inaccurate information was reported about him—meaning information that is either "patently incorrect" or "misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on him]." *Id.* at 942 (citation omitted). He must also allege that the defendants "either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff," that he was injured, and that the defendants' conduct was the proximate cause of his injury. *Id.* at 941. (citation omitted).

At this early stage, the court finds that the Complaint states colorable FCRA claims against the defendants, which will be allowed to proceed for further development.

### III. FURTHER PROCEEDINGS

As explained above, the Complaint states nonfrivolous claims that will proceed for further development.[1] The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each defendant. The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendants. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The plaintiff is cautioned that he must keep the court informed of his current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

---

[1] This determination does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

4

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge

5